UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL GRAHAM,<br><br>                Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART, Commissioner<br>of Social Security Administration,<br><br>                Defendant. | CASE NO. CV 04-02290 (RZ)<br><br>MEMORANDUM OPINION AND ORDER |

        This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record (cited as "AR"), and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed, and the matter remanded for further proceedings.

I.

Plaintiff Gail Graham applied for supplemental security income benefits in February 2001, asserting that she was unable to work primarily due to degenerative disc disease in her back and arthritis in her right ankle. [AR 79] The Social Security Administration denied the application both initially and on reconsideration, and Plaintiff then proceeded to an administrative hearing on June 7, 2002. The Administrative Law Judge took testimony from Plaintiff and a vocational expert, and received exhibits into evidence, but determined that Plaintiff was not disabled. [AR 456-81, 368-73] The Appeals Council remanded for a new hearing, explaining that the Administrative Law Judge erred by failing to discuss certain factors to support his conclusion that Plaintiff's pain testimony was not entirely credible. [AR 379-80]

On remand, a different Administrative Law Judge conducted a new hearing on August 19, 2003, where he heard testimony from Plaintiff and a different vocational expert, and reviewed newly-presented exhibits. [AR 482-518] As before, however, the Administrative Law Judge ultimately determined that Plaintiff was not disabled. [AR 13-21] The Appeals Council denied review [AR 4-6], thereby making the decision of the Administrative Law Judge the decision of the Commissioner. 20 C.F.R. § 404.981; *Sims v. Apfel,* 530 U.S. 103, 106-07 (2000). Plaintiff timely sought review in this Court.

II.

DR. DAVIS' REPORT

The Court's decision requires it to address only the first of Plaintiff's two critiques of the non-disability finding, focusing on only one medical report, of the dozens included in the administrative record. Specifically, Plaintiff asserts that the Administrative Law Judge misread the report of consultative orthopedist Frederick A. Davis, M.D., and thereby reached a Residual Function Capacity assessment that was improper. The Court agrees in part due to a perplexing ambiguity in the report concerning Plaintiff's ability to sit for long periods.

Dr. Davis conducted a "comprehensive orthopedic examination" of Plaintiff on May 10, 2003 and produced a written report ten days thereafter. [AR 398-405] The Davis report consists of (1) a dictated narrative, and (2) a check-box form, signed by the doctor, called a Medical Source Statement Of Ability To Do Work – Related Activities (Physical). On the one hand, the form indicated that Plaintiff's ability to sit was not affected by her impairments. [AR 404 (first item)] On the other hand, in the narrative, which is cited as the sole support for the conclusions noted on the form, Dr. Davis states that "[t]he number of hours that the claimant could be expected to sit in an eight-hour day would be 4-6 hours with frequent breaks." [AR 402] The Administrative Law Judge's decision ultimately did note the no-restrictions conclusion from the form but did not mention the sitting restrictions included in the narrative. [AR 16]

This disparity affected the testimony of the vocational expert. The Administrative Law Judge's hypothetical question, to which the parties later referred as "hypothetical number one," expressly asked the expert to assume that the hypothetical claimant's "ability to sit would be unaffected by her impairments." [AR 514] The expert opined that a person with that ability, and with various restrictions not at issue here, would be able to perform numerous sedentary jobs available in the economy. On cross-examination, Plaintiff's counsel asked a new hypothetical, "number three," adding certain restrictions not included in the Administrative Law Judge's version. One of those restrictions was the sitting-related restriction noted in Dr. Davis's narrative: "the number of hours that the person could be expected to sit would be four to six hours with frequent breaks during an eight hour day." [AR 516] No other restrictions in the new hypothetical involved "breaks," although one – the duration of standing and walking – involved certain limited "intervals." [AR 516] Asked whether jobs existed that a person with the newly-posited restrictions could perform, the vocational expert answered ambiguously, "Now [sic: not?] with the frequency of those breaks." [AR 516] The ambiguity in the expert's view was clarified somewhat by the following final hypothetical question:

| | | |
|---|---|---|
| Q: | If you take hypothetical number one and you add to that [the restriction] that the person cannot sit – could be expected to sit four to six hours with frequent breaks, would she be able to do any work? |
| A: | That's the same as number three. |
| Q: | Yeah. That's one particular – but that's – considering the factors under [hypothetical number] one, and adding to it that she can work four to six hours in a sitting position but would need frequent breaks. |
| A: | Correct. Okay. No. She could not do the jobs in hypothetical one. |

[AR 518]

Thus, if the only proper reading of Dr. Davis's report is that Plaintiff required the restrictions he noted in his narrative – but which the check-box portion of his report apparently contradicts – then Plaintiff would appear to be entitled to a disability finding. But it is possible that the incongruity between the two sections of the Davis report resulted from a mistake in the *narrative* portion, not the check-box portion, and that Davis's true view is Plaintiff indeed is unrestricted in her ability to sit without breaks. In that event, the Davis report would not supply a basis for reversal.

When faced with such ambiguities, the Administrative Law Judge "has a special duty to develop the record fully and fairly and to insure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citations omitted). The Administrative Law Judge was empowered to have an updated consulting examination by Dr. Davis or to contact him for further information, as appropriate. 20 C.F.R. §§ 404.1512(e) & (f); 416.912(e) & (f). Here, the parties plainly agree that the Davis report was pivotal to determining whether Plaintiff was disabled. Its unresolved ambiguities require the Court to remand the matter

for further development of the record to resolve those ambiguities and, thereafter, to conduct further administrative proceedings as appropriate.

### III.

Given the Court's determination to remand the matter, it need not address Plaintiff's other critiques of the underlying decision.

### IV.

For the foregoing reasons, the underlying decision is REVERSED and the matter REMANDED for further proceedings in accordance with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: August __4__, 2005

/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE